IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DONAT PORTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:20CV573 |
| | ) | |
| WILLIAM P. BARR, | ) | |
| *Attorney General of the United States, et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

On June 23, 2020, Plaintiff filed his Complaint, *pro se*, against a number of Defendants including governmental entities, government officials, judges, prosecutors, attorneys, and law enforcement officers. (ECF No. 1.) Due to the numerous filings and appeals in this case, a brief procedural posture describing each of the of the matters which are currently before the Court is necessary.

### I. PROCECURAL HISTORY

On July 22, 2020, Defendants James Bailey, Dustin Grooms, Josh Helms, Kevin Pfister, David Riley, James Rominger, and Van Shaw ("Cabarrus County Sheriff Defendants") filed a motion to dismiss Plaintiff's Complaint pursuant to 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 2.) On November 2, 2020, Defendant Benjamin Goff filed his motion to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) and Defendant William Barr filed his motion to dismiss Plaintiff's Complaint pursuant to Rules 12(b)(1) and (6). (ECF Nos. 8;9.) On or about November 30, 2020, Plaintiff filed a document,

likewise *pro se*, titled "Amended Claims for Relief," in response to the then pending motions to dismiss. (ECF No. 20.)

Following the above-described filings, the Court having determined that the Cabarrus County Defendants and Defendant Goff failed to file corresponding briefs with their earlier filed motions, ordered that they do so on December 2, 2020, (ECF No. 22), to which each complied, (*see* ECF Nos. 35; 37). Subsequently, on December 4, 2020, Defendants David Brent Cloninger, Martin B. McGee, Jennifer M. Taylor, Roxann H. Vaneekhoven, Casey E. Wallace ("State Judicial Defendants") filed their Motion to Dismiss which responded to Plaintiff's Complaint. (ECF No. 23.) However, on December 14, 2020, Defendant Barr filed a second motion entitled "Motion to Dismiss Amended Claims for Relief." (ECF No. 31.) In addition, on February 2, 2021, Defendant City of Concord filed its Motion to Dismiss which likewise responded to Plaintiff's Amended Claims for Relief. (ECF No. 52.)

**II. OPERATIVE COMPLAINT**

As outlined above, on June 23, 2020, Plaintiff filed his first complaint and subsequently on November 30, 2020, filed a document titled "Amended Claims for Relief" in response to pending motions to dismiss. Plaintiff's latter document contains largely the same claims as set forth in the original complaint with some words changes, references Federal Rule of Civil Procedure 15(a) and contains a "prayer for relief", therefore the Court will construe it as an Amended Complaint.[1] (*See* ECF No. 20 at 1, 13–15.) The Court must therefore determine

---

[1] When evaluating a pro se Plaintiff's complaint or other pleading, a court should liberally construe the Plaintiff's allegations, however in artfully pleaded, and hold the pro se litigant "to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89,94(2007).

whether Plaintiff's Amended Complaint is properly before the Court before turning to the pending motions to dismiss.

Rule 15 of the Federal Rules of Civil Procedure governs the filing of amended pleadings. Under Rule 15(a)(1)(B), a party may amend a pleading that requires a responsive pleading, such as a complaint, once as a matter of course within 21 days after the service of a responsive pleading or 21 days after service of a motion under Rule 12(b), whichever comes first. Fed R. Civ. P. 15(a)(1)(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed R. Civ. P. 15(a)(2). Such leave should be freely granted by the court "when justice so requires." *Id.*

Where, as in this case, there are multiple Defendants, each serving separate motions to dismiss filed on different dates, the Fourth Circuit has affirmed district court rulings that the twenty-one-day period to amend generally commences on the date of the earlier defensive motion. *United States ex rel. Carter v. Halliburton Co.*, 866 F.3d 199 (4th Cir. 2017) (affirming *U.S. ex rel. Carter v. Halliburton Co.*, 144 F. Supp. 3d 869, 877–78 (E.D. Va. 2015). This approach is in line with the 2009 committee notes to Rule 15(a) which provide that "[t]he 21-day periods to amend once as a matter of course after service of a responsive pleading or after service of a designated motion are not cumulative. If a responsive pleading is served after one of the designated motions is served, for example, there is no new 21-day period." Fed. R. Civ. P. 15 advisory committee's note to 2009 amendment.

Here Plaintiff's twenty-one days was triggered on November 2, 2020, when Defendant Barr filed his motion to dismiss as it was the first designated motion properly before the

3

Court.[2]  Under the applicable Federal and Local Rules, Porter had until November 27, 2020 to respond or, as was done here, file an amended complaint.[3]  November 27, 2020 fell on a Court holiday and therefore the Clerk's Office was not accessible for in-person filing.  The record reflects that Plaintiff filed his Amended Claims for Relief in person on November 30, 2020, which was the first day that the courthouse was accessible and open for business that was not a Saturday, Sunday, or legal holiday.  Accordingly, the Court determines that Plaintiff's document titled Amended Claims for Relief was timely filed and will be construed as the operative Complaint in this matter.

### III.     SUMMARY OF PLAINTIFF'S CLAIMS

The Court will now summarize what it understands[4] Plaintiff's claims to be with respect to each group of Defendants:

(a.)     Plaintiff appears to claim that the United States has participated in systemic oppression and terrorism against its citizens and foreigners.  (ECF No. 20 ¶ 1.)  Plaintiff generally alleges that the United States has engaged in terroristic action by immigration and by immigration and asylum policies, slavery, Jim Crow, the war on drugs and tough on crime stances, and the southern strategy.  (*Id.* ¶ 11.)  Plaintiff named the United States Attorney General as the leading law enforcement officer of the nation.  (*Id.*)

---

[2] While Cabarrus County Defendants and Defendant Goff had also filed motions to dismiss that appear on the docket prior to that of Defendant Barr, (*see* ECF Nos. 2; 7) and Plaintiff responded to Cabarrus County Defendants' motion, (*see* ECF No. 3), neither motion was accompanied by briefs as required by the Local Rules.

[3] Three days was added to the 21 days as required by Rule 6(d) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 6(d).

[4] The claims Plaintiff presents in his Amended Complaint are difficult to discern and contain references to various federal statutes, international laws, international covenants, and the Geneva Convention.

4

(b.) Plaintiff likewise alleges that the State of North Carolina has laws and practices that mirror the unconstitutional practices of the United States and names North Carolina Attorney General Joshua Stein as the leading law enforcement officer of those unconstitutional laws and practices. (*Id.* ¶ 10.)

(c.) With respect to Defendant Goff, it appears that he was appointed as a criminal defense attorney to defend Plaintiff in a number of state court matters in Cabarrus County, North Carolina in 2018. (*Id.* ¶ 9.) Plaintiff claims that Defendant Goff provided ineffective counsel and represented him despite a conflict of interest due to his prior employment as an Assistant District Attorney for the Cabarrus County District Attorney's Office. (*Id.*)

(d.) With Respect to Defendants Vaneekhoven[5], Taylor[6], Wallace[7], McGee[8], and Cloninger[9] (jointly "State Judicial Defendants"), it appears that Plaintiff alleges that his civil rights have been violated by actions these Defendants took as it relates to various state criminal court proceedings. (*Id.* ¶¶ 7, 9.)

(e.) Plaintiff alleges that Cabarrus County Defendants have likewise violated his civil rights and the Fourth and Fourteenth Amendments by their conduct related to a home search and subsequent arrest in 2018. (*Id.* ¶ 3–4.)

---

[5] Roxann Vaneekhoven is the Cabarrus County District Attorney.

[6] Jennifer Taylor is a Cabarrus County Assistant District Attorney.

[7] Casey Wallace is a Cabarrus County Assistant District Attorney.

[8] Martin B. McGee is a North Carolina Superior Court state judge in Cabarrus County.

[9] Brent Cloninger is a North Carolina District Court Judge in Cabarrus County.

(f.) Finally, Plaintiff alleges that "[t]he City of Concord provides [taxpayers'] monies to local law enforcement departments and the Cabarrus County court system and members which is a direct violation of [federal law.]" (*Id.* ¶ 6.)

### IV. ARTICLE III STANDING

The Court will first address the issue of whether Plaintiff has standing to bring the claims he seeks to bring against the various Defendants. Cabarrus County Defendants, Defendant Barr, and the City of Concord have all raised the issue of whether Plaintiff has standing to bring claims against them. (ECF Nos. 10 at 1; 37 at 1; 31 at 1; 53 at 6.) Aside from these challenges, the Court has an "independent obligation to examine their own jurisdiction, and standing is perhaps the most important of [the jurisdictional] doctrines." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (citation and internal quotations omitted) (alteration in original); *see also Juidice v. Vail*, 430 U.S. 327, 331 (1977). The requirement for a plaintiff to have standing "ensure[s] that federal courts do not exceed their authority." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). As such, the Court will examine whether Plaintiff has Article III standing with respect to each group of Defendants.

To establish constitutional standing at the motion to dismiss stage, Plaintiffs must plausibly allege that they have: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* Plaintiff bears the burden of establishing these elements. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). "Where, as here, a case is at the pleading stage, [Plaintiffs] must 'clearly . . . allege facts demonstrating' each element." *Spokeo*, 136 S. Ct. at 1547 (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

To establish an injury-in-fact, a plaintiff "must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual and imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan*, 504 U.S. at 560). The Supreme Court has held that when a party has "set forth no specific facts demonstrating" the alleged injury, such allegations "are necessarily conjectural." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 412, 420 (2013).

### A. United States of America (Attorney General William Barr)

Plaintiff alleges that the United States of America is a co-conspirator in a "systemic oppression terrorist group" and funds the systemic violations of the constitutional rights of individuals. (ECF No. 20 ¶ 1.) According to Plaintiff, "[p]olicies and practices enacted by the United States government are unconstitutional and illegal under ratified international human rights treaties" and are a burden to "millions of Americans and foreign nationals." (*Id.* ¶ 11.) Defendant Barr argues that "Plaintiff fails to allege a concrete, particularized injury inflicted upon him" at the hands of Barr or the United States. (ECF No. 10 at 7.)[10] The Court agrees that Plaintiff has not articulated a particularized injury that he has suffered at the hand of the United States or the U.S. Attorney General. The Court determines that with respect to the United States, Plaintiff has articulated generalized grievances concerning legislation and policies enacted by the United States Congress and the effect of judicial decisions penned by the Supreme Court of the United States. Such allegations are insufficient to establish standing. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125–26 (2014). Plaintiff has failed to allege that he suffered an injury-in-fact at the hands of the United States or the Attorney

---

[10] In its response to Plaintiff's Amended Complaint, Defendant Barr incorporates the arguments presented in his motion to dismiss Plaintiff's initial complaint. (*See* ECF No. 32 at 3.)

General and thus has no standing to bring this action against the United States or Attorney General Barr.

### B. North Carolina (State Attorney General Joshua Stein)

With respect to North Carolina, Plaintiff alleges that its "laws and practices mirror the policies and measures enacted by the federal government" which he alleges are unconstitutional. (ECF No. 20 ¶ 10.) Plaintiff seeks that North Carolina "put in [policies] and procedures to make it less of a burden for constituents of North Carolina to inform and address unconstitutional practices." (*Id.*) Similar to the claims brought against the United States, the allegations he makes against North Carolina are generalized grievances concerning legislation and policies and as such are insufficient to establish standing. Though it does not appear that North Carolina or State Attorney General Joshua Stein have made an appearance in this matter, because of the Court's independent obligation to assess its own jurisdiction, *FW/PBS, Inc.*, 493 U.S. at 231, the Court determines that Plaintiff has failed to allege that he suffered an injury-in-fact at the hands of the state of North Carolina or state Attorney General Joshua Stein and thus has no standing to bring a claim against North Carolina or State Attorney General Stein.

### C. City of Concord

With respect to the City of Concord, Plaintiff alleges that the city provides tax money to local law enforcement and the Cabarrus County Court system in violation of a number of federal laws. (ECF No. 20 ¶ 6.) The City of Concord argues that "Plaintiff does not allege that the City has violated his rights or caused him any injury" and that his allegations as they related to the City are not enough to give him standing. (ECF No. 5 at 8.) The Court agrees. Aside from Plaintiff's allegation regarding the City's use of tax money, it does not appear that Plaintiff has referenced the city in relation to a particularized injury he personally suffered.

Without an allegation of a particularized harm at the hands of the city, Plaintiff has failed to allege sufficient facts to establish standing to bring a claim against the City of Concord.

### D. Cabarrus County Defendants

With respect to Cabarrus County Defendants, as detailed above, Plaintiff has alleged violations of his civil and constitutional rights. Plaintiff alleges that Defendants Helms, Bailey, Grooms, Rominger, and Pfister violated his Fourth Amendment rights as well as the Fourteenth Amendment. (*Id.* ¶¶ 3, 4.) Plaintiff specifically alleges that the actions at the hands of these Defendants were an outgrowth of their warrantless search of his locked and secured home as he lay wounded from a gunshot in a location away from his home. (*Id.* ¶ 3.) Plaintiff further alleges that Defendant Helms ignored his invocation of his Fifth Amendment rights. (*Id.*) With respect to Defendants Shaw and Riley, Plaintiff alleges that they fail to properly train deputies and use tax dollars to fund weapon and equipment to further Cabarrus County deputies to violate individual constitution rights. (*Id.* ¶ 4.) Plaintiff has not specifically claimed how Defendants Shaw and Riley injured him or are specifically related to the specific constitutional violations he has alleged. Thus, Plaintiff has failed to allege sufficient facts to establish standing to bring a claim against Defendants Shaw and Riley. However, he has alleged more than generalized harm with respect to Defendants Helms, Bailey, Grooms, Rominger, and Pfister (collectively "remaining Cabarrus County Defendants"). The Court will therefore further review his claims against those Defendants below.

### E. State Judicial Defendants

With respect to the State Judicial Defendants, Plaintiff alleges that Defendants Vaneekhoven and Taylor conspired with state Judge Martin McGhee and the Cabarrus County

9

Sheriff's Department to violate his rights through perjury during a suppression hearing. (*Id.* ¶ 4.) Plaintiff further claims that Judge McGee and Judge Cloninger have conspired with attorneys Vaneekhoven, Taylor, and Wallace to violate a number of federal statutes and "numerous rights." (*Id.* ¶ 7.) Despite Plaintiff's claims, he has not alleged specific actions by any State Judicial Defendant that resulted in his harm under any of the statutes or rights he cites. Without an allegation of a particularized harm at the hands of the State Judicial Defendants, Plaintiff has failed to allege sufficient facts to establish standing to bring a claim against them.

### F. Benjamin G. Goff

Finally, with respect to Defendant Goff, it appears that Plaintiff's claims against him arise from his dissatisfaction with the defense representation he received in state court. Plaintiff specifically alleges that Goff failed to argue for him at a probable cause hearing, intentionally served as a hinderance in two state actions against Plaintiff and insisted on coercing Plaintiff into a plea-deal rather than prepare for a trial. (*Id.* ¶ 9.) According to Plaintiff, Goff had previously prosecuted a case against him in his former role as an assistant district attorney and continued to work in concert with the district attorney's office to keep the conviction rate high by coercing plea agreements. (*Id.*) Plaintiff alleges that as a co-conspirator in a racket and/or terroristic group, Goff participates in perpetuating a system that strips individuals of basic human and constitutional rights. (*Id.*) Review of the Complaint reveals that while Plaintiff does allege that Goff represented him in state court matters, he does not allege any specific facts that link his representation to a particularized harm. As such,

Plaintiff has failed to allege sufficient facts to establish standing to bring a claim against Defendant Goff.

## V. PLAINTIFF'S REMAINING CLAIMS

As discussed above, Plaintiff does not have standing to bring claims against many of the Defendants named in his Complaint. Review of the Complaint reveals that Plaintiff has alleged sufficient facts to support standing only as it relates to claims against certain Cabarrus County Defendants, specifically Helms, Bailey, Pfister, Grooms, and Rominger. As such, the Court will now consider the pending motion to dismiss related to those Defendants.

Cabarrus County Defendants moved to dismiss Plaintiff's original complaint pursuant to Rules 12(b)(1), (2), and (6), but did not file another motion to dismiss directed at Plaintiff's Amended Complaint. (*See* ECF No. 2.) Generally, the filing of an amended complaint supersedes the original complaint, rendering the original complaint of no legal effect and any motion to dismiss directed at the original complaint moot. *See Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001); *Freckleton v. Target Corp.*, 81 F. Supp. 3d 473, 479 (D. Md. 2015) ("It is well settled that an amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot.") (quoting *Blount v. Carlson Hotels*, 3:11CV452–MOC–DSC, 2011 WL 6098697, at *1 (W.D.N.C. Dec. 6, 2011)). However, in the instant matter, the defects Cabarrus County Defendants raised in their original motion remain in Plaintiff's Amended Complaint and therefore, the Court will decline to require Defendants to file a new motion to dismiss repeating arguments simply because Plaintiff introduced an amended pleading and considers their pending motion as also addressing Plaintiff's amended pleadings. *See Keith v. U.S. Airways, Inc.*, 994 F. Supp. 692, 693–94 n.1

11

(M.D.N.C. 1998); *see also* Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1476 (3d. ed. 2021) ("Defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.")

Cabarrus County Defendants move to dismiss Plaintiff's claims against them arguing that they are entitled to qualified immunity and/or public official immunity and further that Plaintiff has failed to state a claim. (ECF No. 37 at 4–5; 7–8.) Cabarrus County Defendants also argue that a state criminal proceeding involving the allegations Plaintiff makes in his Complaint are ongoing and therefore under the *Younger* Abstention Doctrine, this Court should abstain from interfering in those proceedings. (*Id.* at 6–7.) The Court will first determine whether it should abstain from exercising jurisdiction over this matter under the *Younger* Abstention doctrine.

The *Younger* doctrine is taken from *Younger v. Harris*, 401 U.S. 37 (1971). Under the *Younger* doctrine, federal courts must abstain from exercising jurisdiction when "(1) there is an ongoing state [criminal] judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges." *Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir.2006) (*Nivens II*). "[W]here the State criminal prosecution is pending, the comity concerns of *Younger v. Harris* and its progeny require abstention where granting the requested relief would require adjudication of federal constitutional issues involved in the pending state

action." *Traverso v. Penn*, 874 F.2d 209, 212 (4th Cir.1989) (citation omitted). Abstention is proper in this case.

First, Plaintiff's claims against Cabarrus County Defendants involve ongoing criminal matters in North Carolina state court. In his Complaint plaintiff identifies two pending cases captioned as *North Carolina v. Donat Caleb Porter* (18 CRS 052885 and 18CRS 052926).[11] (ECF No. 20 ¶ 9.) It appears that Plaintiff's claims against Cabarrus County Defendants are an outgrowth of a state court's findings during a suppression hearing pertaining to the pending state court actions involving Plaintiff. (*Id.* ¶ 4.) Plaintiff has been charged with felony offenses in the pending state court cases and is now attempting to get this Court to intervene in an ongoing state court criminal proceeding. Next, "North Carolina has a very important, substantial, and vital interest in preventing violations of its criminal laws." *Nivens v. Gilchrist*, 319 F.3d 151, 154 (4th Cir. 2003) (*Nivens I*). Third, "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Gilliam v. Foster*, 75 F.3d 881, 904 (4th Cir. 1996) (internal quotation omitted). Thus, this court should abstain from asserting jurisdiction over Plaintiff's claims against the remaining Cabarrus County Defendants at this time.

In their motion, Cabarrus County Defendants seek complete dismissal of Plaintiff's claims because of the pending state proceedings. (ECF No. 37 at 7.) Generally, a stay rather than dismissal is appropriate to the extent Plaintiff seeks money damages.[12] *See Nivens II*, 444

---

[11] In his response brief to City of Concord, Plaintiff also references state criminal matters with the file numbers of 19CRS716049 and 19CRS716050. (ECF No. 56 at 10.)

[12] Though difficult to calculate given the nature of his pleadings, it appears that Plaintiff seeks monetary damages totaling approximately $225 million dollars from the Cabarrus County Defendants that remain relevant to this discussion. (ECF No. 20 at 5–7.)

13

F.3d at 247; *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988) (holding that "the District Court has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding."); *see Suggs v. Brannon*, 804 F.2d 274, 280 (4th Cir.1986) ("If the state criminal court rules that [a] search and seizure was unlawful, [federal plaintiff] could not recover damages in those proceedings."). However, in the instant matter, it is appropriate to dismiss Plaintiff's claims against Cabarrus County Defendants because he seeks to recover monetary damages for claims barred by the Eleventh Amendment.

While Plaintiff did not expressly state whether he sued the Cabarrus County Sheriff Defendants in their individual or official capacities, it appears that his claims are brought against them in their official capacities only for the alleged search of his home that was conducted by the Defendants after they arrived to what appeared to be an active crime scene. In the instant matter, Plaintiff alleges that Cabarrus County sheriff deputies arrived at a scene where a home invasion had allegedly occurred, and Plaintiff was suffering from a gunshot wound. (ECF No. 20 ¶ 3.) Plaintiff alleges that Cabarrus County Sheriff Defendants subsequently searched his home and stole and destroyed property within the home. (*Id.* ¶ 4.)

Though difficult to calculate given the nature of his pleadings, it appears that Plaintiff seeks monetary damages totaling approximately $225 million dollars from the remaining Cabarrus County Defendants. (ECF No. 20 ¶¶ 3–5.) However, it is well established that official capacity claims are in essence claims against the state. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). As the Eleventh Amendment bars a plaintiff from recovering monetary damages against the state, it similarly bars such recovery against a state official sued in his or her official capacity. *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *See also Hutto v. S.C.*

14

Case 1:20-cv-00573-LCB-JEP   Document 64   Filed 08/06/21   Page 14 of 16

*Retirement Sys.*, 773 F.3d 536, 549 (4th Cir. 2014) ("State officials sued in their official capacities for retrospective money damages have the same sovereign immunity accorded to the State."). Thus, Plaintiff's claims against the remaining Cabarrus County Defendants should be dismissed rather than stayed because Plaintiff is unable to recover the monetary damages he seeks from these Defendants. *Id.*

### VI. CONCLUSION

For the reasons stated above, Plaintiff does not have standing as it relates to William Barr (or the United States of America), Joshua Stein (or the State of North Carolina), the State Judicial Defendants, Defendant Goff, or the City of Concord. As such all claims brought against these Defendants will be dismissed. Additionally, Plaintiff lacks standing as is relates to Defendants Shaw and Riley and therefore claims brought against these Defendants will likewise be dismissed. As it relates to Cabarrus County Defendants Helms, Bailey, Pfister, Grooms, and Rominger, the Court has determined that abstention is appropriate given the ongoing state matter involving the claims for which Plaintiff seeks redress and that dismissal is appropriate because the Eleventh Amendment bars Plaintiff from recovering the damages he seeks.

Therefore, the Court enters the following:

### ORDER

IT IS THEREFORE ORDERED that Cabarrus County Defendants' Motion to Dismiss, (ECF No. 2), is GRANTED.

15

IT IS FURTHER ORDERED that Defendant Barr's Motion to Dismiss, (ECF No. 31,) is GRANTED and his first Motion to Dismiss, (ECF No. 9), is DENIED as MOOT.

IT IS FURTHER ORDERED that City of Concord's Motion to Dismiss, (ECF No. 52), is GRANTED.

IT IS FURTHER ORDERED that Defendant Goff's Motion to Dismiss, (ECF No. 8), is DENIED as MOOT as Plaintiff lacks Article III standing to bring a claim against him which the Court raised sua sponte.

IT IS FURTHER ORDERED that State Judicial Defendants Motion to Dismiss, (ECF No. 23), is DENIED as MOOT as Plaintiff lacks Article III standing to bring a claim against them which the Court raised sua sponte.

IT IS FURTHER ORDERED that Plaintiff lacks Article III standing to bring a claim against North Carolina Attorney General Joshua Stein and the State of North Carolina which the Court raised sua sponte, and therefore any claims brought against him are DISMISSED.

IT IS FURTHER ORDERED that having determined that the claims against all defendants have been DISMISSED, this action shall be terminated by the Clerk's office.

This, the 6th day of August 2021.

/s/ Loretta C. Biggs
United States District Judge